**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4473**

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

CHRISTOPHER ROBERT SUEIRO

Defendant - Appellant

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Rossie D. Alston, District Judge.  (1:17-cr-00284-RDA-1)

Argued: January 28, 2025                                    Decided:  March 10, 2025

Before KING and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ARGUED:**  Mark Bodner, Fairfax, Virginia, for Appellant.  Jacqueline Romy Bechara, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee. **ON BRIEF:**  Jessica D. Aber, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In a jury trial, Christopher Sueiro was convicted of receipt of child pornography, possession of child pornography, attempted receipt of child pornography, and promotion and solicitation of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2), 2252(a)(4)(B), 2252(b)(1), 2252(b)(2), 2252A(a)(3)(B), and 2252A(b)(1). *United States v. Sueiro*, 59 F.4th 132, 138 (4th Cir. 2023). The conduct underlying these convictions involved the discovery by law enforcement officers of thousands of images and videos of child pornography on Sueiro's computers and hard drives located in his residence.

The district court imposed a sentence of 240 months' imprisonment and a life term of supervised release, which included many special conditions. In Sueiro's initial appeal to this Court, we affirmed his convictions, his sentence of imprisonment, and one special condition of supervised release barring him from viewing any sexually explicit material depicting minors. *Sueiro*, 59 F.4th at 138-45. But we vacated and remanded three other special conditions for the district court to provide further explanation and analysis. *Id.* at 143-44. Those conditions prohibited Sueiro (1) from getting a job that allows him access to computers; (2) from accessing certain types of lawful adult pornography; and (3) from possessing or using video gaming consoles that permit access to online communication with others. *Id.* at 138.

On remand, the district court reimposed these conditions with one major modification concerning the use of computers in employment. The court provided its explanation and analysis in a memorandum opinion. Sueiro appeals, arguing that the court

2

abused its discretion in imposing those three conditions because they were unrelated to his individual characteristics and imposed greater restraints on his liberty than necessary to achieve the goals of sentencing. For the reasons that follow, we disagree and affirm the district court's judgment.

I.

We begin by setting forth general principles applicable to a district court's imposition of conditions of supervised release. Under 18 U.S.C. § 3583(d), conditions of supervised release must: (1) be "reasonably related" (a) to the nature and circumstances of the offense and the history and characteristics of the defendant and (b) to the statutory goals of deterrence, protection of the public, and rehabilitation; (2) involve "no greater deprivation of liberty than is reasonably necessary" to achieve those statutory goals; and (3) be consistent with relevant policy statements by the Sentencing Commission. 18 U.S.C. § 3583(d); *see United States v. Olson*, 114 F.4th 269, 273-74 (4th Cir. 2024). To ensure compliance with this statute, "[a] sentencing court must provide an individualized explanation for why any special conditions it imposes are appropriate in light of the § 3583(d) factors." *United States v. Van Donk*, 961 F.3d 314, 322 (4th Cir. 2020).

When a defendant challenges a special condition on appeal, we review the court's imposition of the challenged condition for abuse of discretion. *Id.* at 321. Under this standard of review, we recognize that district courts have broad latitude in imposing conditions of supervised release. *United States v. Hamilton*, 986 F.3d 413, 419 (4th Cir.

2021). Such discretion is warranted because the district court has access to the underlying evidence and has had the opportunity to interact with and form an impression of the defendant. *United States v. Ellis*, 112 F.4th 240, 252-53 (4th Cir. 2024). With these principles in mind, we turn to consider the conditions of supervised release at issue here and Sueiro's challenges to each condition.

A.

We first address special condition 6, which states: "The defendant shall not engage in employment or volunteer services that allow him access to computers or minors without prior court approval" (the computer condition, or condition 6). Initially, we observe that, on remand, the district court added the language "without prior court approval" to the previously imposed version of this condition. The earlier version of this condition had imposed a complete bar on Sueiro's ability to gain employment if such employment provided him access to a computer. *See Sueiro*, 59 F.4th at 143 (describing the prior version of the computer condition as "rendering Sueiro unemployable in our modern world"). Thus, the focus in the present appeal is on the revised computer condition and its restriction on Sueiro's ability to gain employment where he could have access to a computer unless he obtains advance approval by the court.[1]

---

[1] We observe that Sueiro does not challenge the portion of condition 6 related to "volunteer services" or the prohibition on access to minors.

Sueiro generally contends that the computer condition is not reasonably related to his history and characteristics. He also contends for two reasons that the computer condition imposes a greater restriction of his liberty than necessary to protect the public. First, he points out that his underlying offense did not involve any contact with minors or victims that might justify a severe restriction on access to the internet in employment. Second, Sueiro submits that unchallenged special condition 11 requires him to consent to the installation of a monitoring program on "any computer to which" he has access. Thus, Sueiro argues that, because any computer that he could have access to at work would be subject to condition 11, condition 6 is not necessary. Separately, Sueiro submits that the court was required, but failed, to set forth the criteria it would employ to grant the "prior approval" described in condition 6. We disagree with Sueiro's arguments.

We begin by setting forth the district court's rationale for imposing the computer condition. The court first considered the factors we have outlined to evaluate the appropriateness of conditions that restrict a defendant's access to the internet: (1) whether the defendant has used the internet in his underlying offense; (2) whether the defendant has a history of improperly using the internet to engage in illegal conduct; and (3) whether the defendant's characteristics suggest that the restriction is warranted. *United States v. Comer*, 5 F.4th 535, 546 (4th Cir. 2021) (citing *Hamilton*, 986 F.3d at 421-22). The district court found that each factor weighed in favor of imposing condition 6.

The district court observed that there was an abundance of evidence regarding Sueiro's use of computers and the internet to execute his crimes. The record shows that

5

Sueiro used peer-to-peer file sharing online to download thousands of child pornography images and videos. One document found on Sueiro's computer contained instructions on how to find child pornography on the internet. Further, the court observed that Sueiro's online activity exchanging child pornography took place over a period of four years.

The court also noted that Sueiro's characteristics supported the computer condition primarily based on Sueiro's noncompliant conduct during trial. The record shows that Sueiro repeatedly engaged in outbursts during the trial, refused to follow the court's instructions, and threatened to harm a Deputy United States Marshal. Because the district court had this prior, extensive opportunity to interact with Sueiro, we afford the court latitude in its view that given Sueiro's tendency to disobey court instructions, a condition was warranted requiring prior approval of employment with computer access.[2] *See Ellis*, 112 F.4th at 252-53.

Additionally, we conclude that the computer condition is not a greater restriction on Sueiro's liberty than is necessary to protect the public. We have explained that "a complete internet ban is almost always excessive for non-contact child pornography activity, or similar conduct where there was no actual contact with the victim." *United States v. Arce*, 49 F.4th 382, 396 (4th Cir. 2022) (citation omitted). While, as we explain below, the

---

[2] We conclude that the district court was not required to address Sueiro's favorable personal history of overcoming childhood trauma, earning his high school equivalency certificate, and holding several jobs. *See United States v. Rivera-Santana*, 668 F.3d 95, 105 (4th Cir. 2012).

computer condition includes restrictions not covered by the other conditions, the computer condition is not a wholesale ban on accessing the internet. *See Ellis*, 112 F.4th at 255 (explaining that a condition requiring defendant to obtain approval before using an internet-capable device is not a "complete ban").

We also observe that under the unchallenged terms of his supervised release, Sueiro is permitted to have access to the internet so long as he complies with computer monitoring as set forth in condition 11. That condition states: "The defendant shall consent to the installation of computer monitoring software on *any* computer to which the defendant has access." And although this broad language suggests that a computer accessible by Sueiro at work would be subject to this monitoring condition, condition 11 binds only Sueiro; it does not compel Sueiro's future employers to consent to the installation of monitoring programs on its computers. We therefore conclude that condition 6 has a purpose not served by condition 11 and does not impose a greater restriction on Sueiro's liberty than is necessary to protect the public.

Additionally, we hold that the district court did not err in requiring "prior court approval" without establishing specific criteria necessary to gain such approval.[3] The court

---

[3] Separately, we reject as meritless Sueiro's suggestion that there is an "ambiguity and a potential issue" regarding a purported inconsistency in the terms of the computer condition stated in the court's opinion as opposed to the court's amended judgment. The court in its opinion explained that it will authorize Sueiro to hold a job with computer access "with this Court's approval, upon notification from the Probation Office." The condition in the amended judgment states that such authorization will not be permitted "without prior court approval," and does not contain a reference to the probation office. (Continued)

explained that its approval would be conditioned on notification from the probation office.

Thus, Sueiro would have the opportunity to discuss with his probation officer any offer of

employment that required or permitted him to have access to computers. *See Ellis*, 112

F.4th at 256 n.4. And Sueiro later could challenge in court any denial of a request that he

be allowed to accept such employment. *See, e.g.*, *Comer*, 5 F.4th at 544 (reasoning that

the defendant could "always bring an as-applied challenge down the road if she believe[d]

her rights ha[d] been violated by a specific application of the condition"). So, for all these

reasons, we hold that the district court did not abuse its discretion in imposing the computer

condition. *See Van Donk*, 961 F.3d at 321.

B.

Next, we address Sueiro's challenge to special condition 10, which states: "The

defendant shall not utilize any sex-related adult telephone services, websites, or electronic

bulletin boards" (the pornography condition, or condition 10). Sueiro contends that this

condition is not reasonably related to the nature and circumstances of his offense and his

history and characteristics because his crimes and interests did not involve adult

pornography. He further contends that the pornography condition is a greater restriction

of liberty than necessary based on the presence of other unchallenged conditions. Sueiro

points to special conditions 4 and 5, which require that he participate in sex offender

---

Although the language of the court's opinion and the judgment are not identical, we do not
discern any material inconsistency in the language of these documents.

8

treatment and comply with requirements of the treatment provider.[4]  According to Sueiro, condition 10 is unnecessary because, if a treatment provider determines that Sueiro's rehabilitation will be impeded by viewing adult pornography, the probation officer may restrict Sueiro from engaging in that conduct.  We disagree with Sueiro's arguments.[5]

"Restrictions on otherwise legal pornography are permissible under § 3583(d) where the district court adequately explains why they are appropriate, and the record supports such a finding."  *Van Donk*, 961 F.3d at 322 (upholding sex-offender treatment provider's ban on pornography); *see also Arce*, 49 F.4th at 397 (upholding special condition prohibiting access to pictures of nudity).  In the present case, the pornography condition is not a complete ban on Sueiro's ability to access lawful, adult pornography, which generally enjoys First Amendment protection.  *See Van Donk*, 961 F.3d at 326.  Nor

---

[4] To the extent that Sueiro contends that condition 11 also renders condition 10 unnecessary, we reject that contention.  As explained above, condition 11 does not apply to monitoring of computers owned by third parties.

[5] Sueiro also argues that the district court erred in relying on several "peer-reviewed studies" on sex addiction and child pornography not contained in the record or otherwise provided to him.  The court relied on these sources to conclude that Sueiro's childhood trauma suggested that "he may be more likely to suffer from sexual addiction," and that "there is a correlation between an adult pornography addiction and an interest in child pornography."  We review this argument for plain error because it was not raised before the district court. *United States v. Lynn*, 592 F.3d 572, 577 (4th Cir. 2010).  And we reject Sueiro's argument under that standard because Sueiro fails to assert how, if he had been given proper notice of the studies, he would have challenged the information and how such a challenge would have led to a different result. *See id.*  Moreover, given the additional rationale provided by the district court to justify the pornography condition, we need not address these studies to uphold the pornography condition under the deferential abuse of discretion standard.

9

is the pornography condition unduly overbroad. *C.f. United States v Armel*, 585 F.3d 183 (4th Cir. 2009) (rejecting condition prohibiting defendant's entry into locations where pornography was available); *United States v. Ellis*, 984 F.3d 1092, 1099 (4th Cir. 2021) (same). Instead, the condition prohibits Sueiro from accessing adult pornography available electronically or through telephone services. The electronic focus of this prohibition bears an obvious connection to Sueiro's underlying crimes involving accessing child pornography online.

Moreover, in explaining its rationale for imposing the pornography condition, the district court described the "wealth of evidence" from trial regarding Sueiro's "deviant interests." Those interests included "preteen hardcore videos and pornographic videos depicting pre-pubescent children." And the court cited a U.S. Sentencing Commission report to Congress indicating that motivations for child-pornography offenses "may include 'indiscriminate deviant interests' or 'other risky or illegal sexual behavior.'" The district court thus concluded that the evidence of Sueiro's deviant and criminal interest in child pornography supported a limitation on his access to adult pornography.

We have upheld pornography restrictions in other cases when the record contained a defendant's admission of, or a treatment provider's expert opinion regarding, a "sex addiction." *See Van Donk*, 961 F.3d at 323 (social worker testified regarding defendant's addiction to pornography); *Arce*, 49 F.4th 397 (defendant admitted an addiction to pornography). But our precedent does not require such evidence of addiction to justify a partial restriction on access to adult pornography. Here, the district court provided

10

adequate justification to support the pornography condition based on the nature of Sueiro's offenses and his deviant interest in child pornography.

In addition, we conclude that the pornography condition is not a greater restriction on Sueiro's liberty than is necessary to serve the intended statutory goal, even when considering conditions 4 and 5. Conditions 4 and 5 regarding sex offender treatment plainly are aimed at rehabilitation. But the pornography condition's restriction on "sex-related adult telephone services, websites, or electronic bulletin boards" furthers different sentencing goals: deterrence and protection of the public. Because these conditions concern different statutory goals of sentencing, we do not discern any error in the court's imposition of the pornography condition along with conditions 4 and 5. For these reasons, we conclude that the district court did not abuse its discretion in imposing the pornography condition. *See Van Donk*, 961 F.3d at 321.

## C.

Finally, we review Sueiro's arguments regarding special condition 12. That condition states: "The defendant shall not possess or utilize any video gaming system, console, or other such device which would enable contact, communication and/or the sharing of data with other individuals known or unknown to the defendant" (the video game condition). Sueiro submits that this condition is not appropriately tailored to the nature of his offenses because he did not contact minors or victims. He also contends that this restriction is broader than necessary, submitting that the district court could have expanded

11

condition 11 to apply a monitoring condition to Sueiro's video game devices. We disagree with Sueiro's arguments.

The district court acknowledged that there was no evidence that Sueiro "had contact with a minor through the use of video games." However, the court observed that Sueiro had engaged with others online to obtain child pornography. The court also explained that Sueiro's computer contained draft statements by Sueiro regarding his attraction to boys that appeared likely to be posted on social media and other websites. Given Sueiro's prior use of online forums, the district court concluded that Sueiro may be "progressing from mere possession to distribution" of child pornography. Thus, the court held that in light of this record, along with Sueiro's "admitted interest in video games," the video game condition was reasonably related to the individual characteristics of Sueiro and the statutory goal of protecting the public. Given these facts and circumstances, we conclude that the district court's analysis was not an abuse of its discretion.

In addition, we conclude that the video game condition does not impose a greater deprivation of liberty than necessary to protect the public. Although Sueiro submits that computer monitoring of his video game consoles would be a less restrictive means to protect the public, the video game condition also applies to Sueiro's use of others' video game consoles. As explained above, condition 11 does not cover any and all equipment owned by third parties. Accordingly, we conclude that the district court did not abuse its discretion in imposing the video game condition. *See Van Donk*, 961 F.3d at 321.

12

II.

For these reasons, we conclude that the district court's decision to impose the computer condition, the pornography condition, and the video game condition is consistent with the requirements in 18 U.S.C. § 3583(d).[6]  We therefore affirm the amended criminal judgment.

*AFFIRMED*

---

[6] We disagree with Sueiro's contention that the district court was required, but failed, to consider the government's assertion on remand that other special conditions sufficiently addressed the concerns contained in the challenged conditions.  The decisions relied on by Sueiro stand for the proposition that a district court must consider a *defendant's* non-frivolous arguments for a lower term of imprisonment, not the government's statements that certain conditions of supervised release may not be "warranted."  *See United States v. Perez-Paz*, 3 F.4th 120, 128-29 (4th Cir. 2021); *United States v. Patterson*, 957 F.3d 426, 439-40 (4th Cir. 2020).

13